UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MICHAEL LEE HODGES, SR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No.  15-1941 (RC) |
| | ) | |
| | ) | |
| WILLIAM BARRY WIEGAND, III, *et al.*, | ) | |
| | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION

Petitioner, a federal prisoner proceeding *pro se*, seeks a writ of mandamus to compel an

Assistant United States Attorney and the Department of Justice's Office of Professional

Responsibility to perform a duty petitioner contends is required by 28 C.F.R. §§ 45.11, 45.12 and

0.39a.  For the reasons explained below, the Court will deny the petition and dismiss the case

pursuant to 28 U.S.C. § 1915A(b)(1).[1]

## 1.  LEGAL STANDARD

The extraordinary remedy of a writ of mandamus is available to compel an "officer or

employee of the United States or any agency thereof to perform a duty owed to plaintiff."  28

U.S.C. § 1361.  A petitioner bears a heavy burden of showing that his right to a writ of

mandamus is "clear and indisputable."  *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (en

banc) (citation omitted).   Relief through mandamus may only be granted where: (1) the

petitioner has a "clear right to relief"; (2) the respondent has a "clear duty to act"; and (3) there is

---

[1]     Section 1915A requires a court to screen a prisoner's complaint against a governmental entity, officer or employee "as soon as practicable after docketing" and to dismiss the complaint upon determining that it fails to state a claim upon which relief may be granted.

"no other adequate remedy available" to the petitioner.  *Walpin v. Corp. for Nat. & Cmty. Servs.*, 630 F.3d 184, 187 (D.C. Cir. 2011) (quoting *Baptist Mem'l Hosp. v. Sebelius*, 603 F.3d 57, 62 (D.C. Cir. 2010)).  Even when those requirements are met, "whether mandamus relief should issue is discretionary," and it "is hardly ever granted."  *In re Cheney*, 406 F.3d at 729.

## II.  DISCUSSION

Section 45.11 of Title 28 of the Code of Federal Regulations imposes a duty on Department of Justice ("DOJ") employees to report allegations of fraud or "criminal or serious administrative misconduct" to DOJ's Office of the Inspector General (OIG) or to their supervisor or internal affairs office for referral to OIG.  28 C.F.R. § 45.11(b).  Section 45.12 imposes a duty on DOJ employees to report to the Office of Professional Responsibility (OPR) allegations of misconduct by a DOJ attorney or "law enforcement personnel when such allegations are related to allegations of attorney misconduct within [OPR's] jurisdiction[.]"   And § 0.39a imposes a duty on OPR "to [r]eceive, review, [and] investigate" such allegations and make referrals for appropriate action.

Petitioner claims that he has "reported to the respondents on several occasions . . . serious allegations of misconduct and fraud by [DOJ] attorneys and . . . employees."  Pet. at 6.  But the attachments to the petition, like the petition itself, consist of vague allegations stemming from petitioner's conviction.  Indeed, in his letter to respondent Wiegand, petitioner states that he is writing "regarding the corruption in my forfeiture case," and he asks Wiegand "to launch a full investigation into [his criminal] case and all . . . parties involved with it."  Feb. 11, 2015 Letter to Barry Wiegand, III, ECF No. 1-1, p.8.

Mandamus relief is not available when an adequate remedy exists to address the underlying claim.  Petitioner ultimately is challenging the validity of his conviction.  Such a

challenge is "the province of habeas corpus," *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam), citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), and where "habeas is an available and potentially efficacious remedy, it is clear beyond reasonable dispute that mandamus will not appropriately lie." *Chatman–Bey v. Thornburgh*, 864 F.2d 804, 806 (D.C. Cir. 1988).  *See Williams v. Hill*, 74 F.3d 1339, 1340 (D.C. Cir. 1996) (per curiam) ("it is well-settled that a prisoner seeking relief from his conviction or sentence may not bring [actions for injunctive and declaratory relief]") (citations omitted).

Moreover, mandamus relief "is not available to compel discretionary acts." *Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases).  It is established that the United States Attorney General has absolute discretion in deciding whether to investigate claims for possible criminal or civil prosecution, and such decisions generally are not subject to judicial review.  *Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480-81 (D.C. Cir. 1995).  *See Wightman-Cervantes v. Mueller*, 750 F. Supp. 2d 76, 80 (D.D.C. 2010) ("[A]n agency's decision whether to prosecute, investigate, or enforce has been recognized as purely discretionary and not subject to judicial review.") (citing *Block v. SEC*, 50 F.3d 1078, 1081-82 (D.C. Cir. 1995)) (other citation omitted).

Finally, "[n]othing in the cited regulations . . . demonstrates that [petitioner] has a clear right to the requested relief."  *Williams v. Reno*, 910 F. Supp. 3, 5 (D.D.C. 1995) (citing 28 C.F.R. § 0.39a); *see id.* (citing cases "call[ing] into doubt plaintiff's [purported] right to issuance of a writ of mandamus requiring defendant to investigate plaintiff's charges" of prosecutorial misconduct by two former Assistant United States Attorneys).  Even if the mandatory language suggests otherwise, but for the valid reasons already stated, the Court would exercise its discretion and deny mandamus relief.

**III.  CONCLUSION**

For the foregoing reasons, the Court concludes that petitioner has failed to demonstrate any entitlement to a writ of mandamus and, thus, denies the petition.  A separate order accompanies this Memorandum Opinion.


_____/s/_____
RUDOLPH CONTRERAS
United States District Judge

Date:  November 25, 2015